UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCHEURER HOSPITAL, HURON
MEMORIAL HOSPITAL, MARLETTE
COMMUNITY HOSPITAL, MCKENZIE
MEMORIAL HOSPITAL, CARO
COMMUNITY HOSPITAL, HILLS AND
DALES GENERAL HOSPITAL, THUMB
MRI CENTER, LLC,

        Plaintiffs/Counter-defendants,

v.                                Case Number 08-13035-BC
                                       Honorable Thomas L. Ludington

ADM IMAGING TECHNOLOGIES, INC.,

        Defendant/Counterclaimant.
_____/

**ORDER DENYING AN EXTENSION ON PLAINTIFFS' TEMPORARY
RESTRAINING ORDER, AS ISSUED BY THE STATE COURT,
DIRECTING COUNSEL TO MEET AND CONFER,
AND SETTING HEARING ON PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

On July 14, 2008, Defendant ADM Imaging Technologies, Inc. removed this case from the Circuit Court for the County of Tuscola, Michigan. The case commenced on June 18, 2008, when Plaintiffs Scheurer Hospital, Huron Memorial Hospital, Marlette Community Hospital, McKenzie Memorial Hospital, Caro Community Hospital, Hills and Dales General Hospital, and Thumb MRI Center, L.L.C. filed suit against Defendant.

According to the complaint, Plaintiff hospitals own 40% of Thumb MRI Centers, L.L.C. ("Thumb MRI"), which provides magnetic resonance imaging services to patients in the geographic area of the thumb of Michigan, and Defendant owns 60% of the company. Plaintiffs also state that Defendant manages Thumb MRI. Plaintiffs allege that Defendant breached its fiduciary duties and violated Mich. Comp. Laws § 450.4515, and they seek appointment of a receiver and an accounting

of Thumb MRI.

On the same date that Plaintiffs filed their complaint, June 18, 2008, they also filed an *ex parte* motion for a temporary restraining order, a preliminary injunction, and entry of an order appointing a receiver and establishing a constructive trust. That day, the state court issued a temporary restraining order. There, the state court prohibited Defendant from taking any further monies or payments from Thumb MRI without court approval, enjoined Defendant from transferring its interest in Defendant without Plaintiffs' written consent, and enjoined Defendant from preventing Plaintiffs from inspecting the books and records of Thumb MRI. The order directed Defendant to show cause at a hearing on July 18, 2008 why a preliminary injunction should not issue during the pendency of the action. The order also provided, "IT IS FURTHER ORDERED that this Order remains in effect until the above referenced preliminary injunction hearing and determination of the _____ Motion."[1] Four days before the hearing on Plaintiffs' request for a preliminary injunction, Defendant removed the case here.

The plain terms of the state court order granting Plaintiffs' request for a temporary restraining order, as well as the procedural posture of the case, leave some ambiguity as to whether the temporary restraining order remains in force. By its terms, the order purports to remain in force until the hearing on the preliminary injunction. Because Defendant removed the case to this court before the state court hearing on the preliminary injunction, that hearing never occurred. On its face then, the temporary restraining order purports to remain in force. It may have expired as a function of time, however, regardless of whether state or federal law governs the timing of the expiration of a temporary restraining order issued by a state court in a case subsequently removed to federal court.

---

[1]The uncompleted blank is quoted as it appears in the state court order.

*See* Mich. Ct. R. 3.310(B)(3) (expiring 14 days after issuance); Fed. R. Civ. P. 65(b)(2) (expiring ten days after issuance). Because of this ambiguity, this Court will review whether good cause exists to extend the temporary restraining order. *See id*.

In considering whether good cause exists to extend the temporary restraining order, the Court will refer to the grounds for initially issuing a temporary restraining order under Federal Rule of Civil Procedure 65(b)(1). That rule provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Notably, the issuance of a temporary restraining order requires specific facts that clearly show that an " immediate and irreparable injury, loss, or damage" will occur to the movant. In the context of preliminary injunctions, courts do not deem all forms of damage an "irreparable injury." A "harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992); *see, e.g., Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) (concluding that, while constitutional injuries may warrant immediate intervention, potential loss of income "does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages"). Yet damages where the nature of the loss is difficult to calculate, such as the loss of customer goodwill or the loss of fair competition through the breach of a non-competition agreement, and may not be fully compensable. *Id*. at 511-512; *see also Warren v. City of Athens*, 411 F.3d 697, 711-712 (6th Cir. 2005) (concluding that a drive-through restaurant showed an irreparable injury, where a city erected barricades likely

to impose profit losses that would threaten the viability of the business).

Here, Plaintiffs allege only compensable damages. In reviewing its complaint, Plaintiffs assert that Defendant allocated unauthorized cash distributions in 2007 and 2008, that Defendant entered into self-dealing contracts, and that Defendant solicited a buyer for its interest in MRI Thumb without consulting with Plaintiffs. Pl. Cplt. ¶¶ 45, 51, 58, 47-48, 61, and 70, attached as Ex. A to Dft. Notice of Removal [dkt #1]. Plaintiffs also sek to review books and records of Thumb MRI, express their view that irreparable injury "would likely result" to Thumb MRI if Plaintiffs had to wait the statutory period before taking derivative action, and warn that the company's reputation might be jeopardized. *Id.* at ¶¶ 55, 88-89. In a footnote, Plaintiffs hypothesize:

> If Thumb MRI were to go out of business, it would deprive the residents of a rural community of much-needed clinical services. None of the member hospitals have MRI equipment themselves and, if Thumb MRI were to no longer exist, many patients would be forced to travel long distance to receive this life-saving test.

*Id.* at ¶ 88, n.2.

In their motion requesting a temporary restraining order and a preliminary injunction, Plaintiffs cite to legal authority regarding economic loss grave enough to suffice to show irreparable injury. Yet to support this assertion, they provide a single sentence: "Defendant's misappropriation of Thumb MRI funds, and its improper business practices have jeopardized the financial viability of the [c]ompany." Pl. Temp. Restraining Order Br., p. 8, attached as Ex. A to Dft. Notice of Removal [dkt #1]. Similarly, Plaintiffs maintain that they sought to explore concerns about potential unauthorized distributions in October 2007, attempted to review Thumb MRI's books in February, March, and June 2008, noted additional potential unauthorized distributions in February and March 2008, and anticipated a potential breach of Thumb MRI's operating agreement regarding a possible sale in February and March 2008. *Id.* at pp. 2-4. Plaintiffs also contend that Defendant

acknowledged making distributions in violation of the operating agreement and that they were barred access to review Thumb MRI's books. *Id.*

Although the sums of money at issue may be substantial, Plaintiffs have not adverted to a loss that is not compensable. In enumerating a variety of potential injuries, Plaintiffs do not claim that they have suffered any constitutional injury or a loss of customer goodwill. They refer vaguely to a possibility of jeopardy to Thumb MRI's reputation. In their brief, they also assert that the company may face financial jeopardy, but they provide no specific facts founded in an affidavit or verified complaint of that fact. Indeed, their complaint poses the possibility as a mere hypothetical situation – in a footnote. Absent specific facts and a sworn basis for so finding them, Plaintiffs have not identified an irreparable harm, because they only cite to compensable injuries. While those injuries may be financially significant, they do not provide good cause for extending a temporary restraining order beyond its apparent expiration.

The present procedural posture of the case does not require the Court to inquire into other issues pertinent to a preliminary injunction, such as whether an injunction would serve the public interest. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). Nor need the Court here address Defendant's apparent admission that it has and intends to continue to engage in unauthorized distributions, where the course of litigation will eventually clarify the point and provide an opportunity for compensation to Plaintiffs, if warranted.

Accordingly, it is **ORDERED** that the Court **DENIES** an extension of the state court temporary restraining order.

It is further **ORDERED** that counsel for the parties are **DIRECTED TO MEET AND CONFER** between **August 1, 2008** and **August 12, 2008** regarding the matters at issue in Plaintiffs'

motion for a preliminary injunction and any other still pending requests for relief.

It is further **ORDERED** that a hearing is set regarding Plaintiffs' motion for a preliminary injunction on **August 15, 2008** at 10:30 a.m.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 30, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS