UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCHEURER HOSPITAL, HURON
MEMORIAL HOSPITAL, MARLETTE
COMMUNITY HOSPITAL, MCKENZIE
MEMORIAL HOSPITAL, CARO
COMMUNITY HOSPITAL, HILLS AND
DALES GENERAL HOSPITAL, THUMB
MRI CENTER, LLC,

        Plaintiffs/Counter-defendants,

v.                                         Case Number 08-13035-BC
                                             Honorable Thomas L. Ludington
ADM IMAGING TECHNOLOGIES, INC.,

        Defendant/Counterclaimant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION,
DIRECTING DEFENDANT TO MAKE NO DISTRIBUTIONS FROM THUMB MRI,
STAYING INITIATION OR ACTION ON ANY CERTIFICATES OF NEED,
STAYING NON-DOCUMENT DISCOVERY,
AND SETTING STATUS CONFERENCE**

        On July 14, 2008, Defendant ADM Imaging Technologies, Inc. removed this case from the Circuit Court for the County of Tuscola, Michigan. In state court, Plaintiffs Scheurer Hospital, Huron Memorial Hospital, Marlette Community Hospital, McKenzie Memorial Hospital, Caro Community Hospital, Hills and Dales General Hospital, and Thumb MRI Center, L.L.C. ("Thumb MRI"), sought and received a temporary restraining order.

        That state court order barred Defendant, which has a 60% interest in Thumb MRI, in which Plaintiffs have a 40% interest, from taking any further monies or payments from Thumb MRI without court approval, from transferring its interest in Thumb MRI without Plaintiffs' written consent, and from preventing Plaintiffs from inspecting the books and records of Thumb MRI. The parties dispute, *inter alia*, whether Defendant has violated the operating agreement of Thumb MRI

and taken advance distributions from the limited liability company, without providing a proportional distribution to Plaintiffs.

On July 30, 2008, the Court entered an order concluding that the state court temporary restraining order had expired as a function of time and setting for hearing Plaintiffs' motion for a preliminary injunction. On August 14, 2008, counsel for the parties participated in a telephonic status conference regarding the preliminary injunction hearing, set for the following day. In that conference, the parties agreed because of time limitations to meet, instead, for a status conference to discuss the issues pertinent to the pending motion. On August 15, 2008, counsel for the parties, representatives of several of Plaintiff hospitals, representatives from Defendant, and their respective accountants attended that status conference. In lieu of holding an exhaustive hearing and in light of the Court's statutory obligation to give priority to its criminal proceedings, the Court considered the information advanced by the parties, as well as their acknowledgments about the fiscal circumstance of Thumb MRI.

Based on the discussion of the fiscal circumstance of Thumb MRI at that conference and, in particular, the information provided by Thumb MRI's accountant of many years, Terrence McMullen, the Court found no basis for concluding that Plaintiffs had shown immediate and irreparable injury under Federal Rule of Civil Procedure 65(b)(1). *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) (holding that "harm is not irreparable if it is fully compensable by money damages"); *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) (concluding that, while constitutional injuries may warrant immediate intervention, potential loss of income "does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages").

In Plaintiffs' reply brief, they provided an affidavit from their accountant, Robert McAuliffe, regarding Thumb MRI's financial condition. Despite his assertion that its balance sheet reflects that it is currently insolvent, his statement does not show any imminent harm to Thumb MRI, based on insufficient working capital. Rather, he stated that, "[t]he continued management of the income distribution in the manner [that Plaintiffs maintain is causing insolvency] will *eventually*, cause Thumb MRI to have insufficient cash to continue operations." *McAuliffe Affidavit*, ¶ 6 Pl. Re., Ex. A [dkt #8-3] (emphasis added). Plaintiffs did not put forward evidence to establish the immediacy of harm to Thumb MRI, so the Court declined to issue a preliminary injunction as requested by Plaintiffs.

In its response, Defendant contended that certain persons or Plaintiff hospitals have obtained or were seeking to obtain certificates of need for magnetic resonance imaging services. According to Defendant, such action, if taken by Plaintiffs, might violate non-competitive provisions contained in the limited liability company's operating agreement.

During the course of the status conference, the parties presented information sufficient to conclude that Defendant should be stayed from making any further distributions from Thumb MRI for 60 days. Equivalently, Plaintiffs should also be stayed from initiating or taking any action for any new or existing certificates of need for magnetic resonance imaging. The parties also agreed to renew their efforts at holding meaningful membership meetings for the limited liability company, that no party would initiate or take action on any certificate of need for approximately 60 days, and that non-document discovery would be stayed for approximately 60 days. Document discovery was permitted to proceed, and the Court will set a status conference on October 15, 2008 at 2 p.m.

Accordingly, it is **ORDERED** that Plaintiffs' motion for a preliminary injunction, as contained within Defendant's notice of removal, is **DENIED**.

It is further **ORDERED** that, pending further order of the Court, Defendant is **DIRECTED** to make no distributions from Thumb MRI on or before **October 20, 2008**, that any action by any party to initiate or further proceed on any certificates of need for magnetic resonance imaging is **STAYED** until **October 20, 2008**, that non-document discovery is **STAYED** until on or before **October 20, 2008**. Document discovery, as well as the informal exchange of documents, may proceed between the parties.

It is further **ORDERED** that a status conference is **SCHEDULED** for **October 15, 2008** at 2:00 p.m.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 21, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 21, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS